Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Ben Solter (SBN 269388)
bsolter@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 428-6985
Facsimile: (714) 386-5368

Attorneys for Plaintiffs SANVEN TECHNOLOGY LTD.
and SHANGHAI SISHUN TECH LTD.

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANVEN TECHNOLOGY LTD. and SHANGHAI SISHUN TECH LTD., <br><br> Plaintiffs, <br><br> v. <br><br> DBEST PRODUCTS INC., <br><br> Defendant. | Case No.: 26-cv-3249 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY** <br><br> JURY TRIAL DEMANDED |

1.      Plaintiffs Sanven Technology Ltd. ("Sanven") and Shanghai Sishun Tech Ltd. ("Sishun," and together with Sanven, "Plaintiffs"), by and through undersigned counsel, bring this action against Defendant Dbest Products Inc. ("Dbest"), and allege as follows:

## NATURE OF THE ACTION

2.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and the Patent Act, 35 U.S.C. §§ 1 et seq., arising from Defendant's patent infringement complaints to Amazon.com concerning VEVOR-branded rolling cart, stair-climbing cart, basket truck, and pet carrier products sold by Plaintiffs and/or through Amazon listings in which Plaintiffs have a legally protected interest.

3.      Defendant has accused Plaintiffs' products and Amazon listings of infringing U.S. Patent Nos. 11,912,326, 11,338,835, 9,392,766, and 9,233,700 (collectively, the "Asserted Patents"). Defendant's accusations caused Amazon to remove or disable product listings for the Amazon Standard Identification Numbers ("ASINs") identified below.

4.      Plaintiffs contend that the accused products do not infringe any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents. Plaintiffs further contend that the claims of the Asserted Patents are invalid, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

5.      An actual and justiciable controversy exists because Defendant has asserted patent rights against Plaintiffs' products and Amazon listings through Amazon's takedown process, refused to withdraw those complaints, and continues to interfere with Plaintiffs' ability to sell the accused products through Amazon and related online channels.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because this action arises under

the patent laws of the United States and seeks declaratory relief concerning patent non-infringement and invalidity.

7. This Court has personal jurisdiction over Defendant because Dbest maintains its principal place of business in this District in Carson, California, and because Defendant purposefully directed its patent enforcement activities at Plaintiffs' products and listings with knowledge that such enforcement would cause harm to Plaintiffs' business in the United States, including in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Dbest resides in this District, has a regular and established place of business in this District, and/or a substantial part of the events giving rise to Plaintiffs' claims occurred in or were directed from this District.

9. The Court may grant the declaratory and injunctive relief requested herein pursuant to 28 U.S.C. §§ 2201 and 2202 and its equitable powers.

## PARTIES

10. Vevor is a global e-commerce brand that specializes in providing an affordable selection of tools, machinery, and equipment for DIY enthusiasts and professionals. It sells its products at Amazon.com, its Vevor.com store, other online retailers, and brick-and-mortar stores. Plaintiff Sanven Technology Ltd. ("Sanven") is a corporation organized and existing under the laws of California with a business address at 9166 Anaheim Place 250, Rancho Cucamonga, CA 91730. Sanven distributes Vevor's products and through online stores on Amazon.com and other online platforms.

11. Plaintiff Shanghai Sishun Tech Ltd. ("Sishun") is a Chinese corporation with its principal place of business in Shanghai, China. Sishun is the parent company that owns the Vevor brand and is responsible for the coordination of online distributor stores on Amazon.com and other online platforms.

12. Defendant Dbest Products Inc. is a California company with a principal place of business at 16506 Avalon Blvd., Carson, California 90746.

Dbest is identified in patent materials as the assignee of U.S. Patent Nos. 11,912,326, 11,338,835, 9,392,766, and 9,233,700 and is affiliated with the email domain dbestproducts.net used for the Amazon complaints.

## THE ASSERTED PATENTS

13. U.S. Patent No. 11,338,835 (the "'835 patent") is entitled "High Load Capacity Collapsible Carts." The '835 patent issued on May 24, 2022 and names Richard Elden as inventor. A copy of the '835 patent is attached hereto as Exhibit A.

14. U.S. Patent No. 9,233,700 (the "'700 patent") is entitled "Portable Cart With Removable Shopping Bag." The '700 patent issued on January 12, 2016 and names Richard Elden as inventor. A copy of the '700 patent is attached hereto as Exhibit B.

15. U.S. Patent No. 11,912,326 (the "'326 patent") is entitled "Wheeled Cart With Braking System." The '326 patent issued on February 27, 2024 and names Richard Elden as inventor. A copy of the '326 patent is attached hereto as Exhibit C.

16. U.S. Patent No. 9,392,766 (the "'766 patent") is entitled "Portable Pet Carrier to Transport a Pet From One Location to Another and Retain the Pet in the Carrier While Traveling." The '766 patent issued on July 19, 2016 and names Richard Elden as inventor. A copy of the '766 patent is attached hereto as Exhibit D.

17. Defendant claims ownership, control, license, or enforcement rights in each of the Asserted Patents and relied on those claimed rights to submit the Amazon complaints and seek removal of Plaintiffs' product listings.

## DEFENDANT'S AMAZON COMPLAINTS AND THE ACCUSED PRODUCTS

18. In or about November 2025, Defendant submitted multiple patent complaints to Amazon concerning Plaintiffs' VEVOR-branded products and/or

Amazon listings in which Plaintiffs have a legally protected interest. Amazon removed or disabled the listings identified in those complaints.

19.     The accused products are VEVOR-branded rolling cart, stair-climbing cart, basket truck, and pet carrier products offered through Amazon.com and other online platforms. Attached as Exhibit E is a copy of infringement notices sent by Defendant and/or its agent to Amazon.com concerning various Vevor products.

20.     In addition to Dbest Products Inc. some of the takedown requests identified in Exhibit E were sent under the auspices of "Quik Cart" and "Smart Cart," which, on information and belief are entities, product lines, trade names, or other designations used by or affiliated with Defendant Dbest in connection with those complaints

21.     The complaints identified the following Amazon store name, ASINs, asserted patents, alleged rights-owner names. The relevant product group is also listed:

| Amazon Store Name | ASIN(s) | Patent | Rights Owner | Product group |
|---|---|---|---|---|
| Simplego | B0DNQ7MZBF; B0CM3LCFKY | '835 | Quik Cart | Utility cart / 65L stair-climbing cart products. |
| Simplego | B0DP3Z24QJ; B0DP43G425 | '700 | Kaue Pereira | Stair-climbing shopping cart products. |
| Simplego | B0DP42QZGD | '326 | Kaue Pereira | 45L stair-climbing shopping cart product. |
| BestEquip | B0CB8V1JN3; B0CCXYRFX8 | '326 | Kaue Pereira | Basket truck / dual-basket grocery utility cart products. |

5
COMPLAINT

| VEMIXO | B0CFF9PXLJ; B0CLLQ17HQ; B0CLN4SCHM; B0CFF9YTJY | '766 | Smart Cart | Rolling pet carrier products. |
|--------|--------|------|------------|--------|

22. The chart above is based on Plaintiffs' current understanding of Defendant's Amazon complaint notices and the product information presently available to Plaintiffs.

23. On or about December 17, 2025, Plaintiffs' counsel wrote to Dbest and Kaue Pereira, identified the Amazon complaints, explained why the accused products do not infringe the Asserted Patents, and demanded that Defendant withdraw its complaints. Defendant has not withdrawn the complaints or otherwise resolved the controversy.

24. Defendant's complaints, the resulting Amazon removals, and Defendant's refusal to withdraw their assertions have caused and continue to cause concrete injury to Plaintiffs, including lost sales, disruption of online listings, injury to customer relationships, and continuing uncertainty concerning Plaintiffs' ability to sell the accused products.

## NON-INFRINGEMENT SUMMARY

25. The products accused under the '835 patent lack material limitations of the asserted claims, including the claimed first track formed along the first and second right panels and extending across the first vertical axis, a slideable member cooperatively engaged with that first track, and the corresponding second-track limitations.

26. The products accused under the '700 patent lack the claimed two-part rotatable handle structure, including a second upper handle section formed in one piece as an elongated U-shaped member. The accused products instead use a single, unitary handle structure.

27. The products accused under the '326 patent lack the claimed braking system and related components, including brake lever arms, brake features, stops

on the rear wheels, and raised bumps. The accused products' wheels rotate freely and do not use the claimed braking mechanisms.

28. The pet carrier products accused under the '766 patent lack material limitations of the asserted claims, including two spaced-apart rear heavy-duty luggage wheels that rotate in a straight direction, the claimed rotatable telescoping handle and retention mechanism, the claimed retaining sleeve or fold-under-handle structure, the claimed hook-and-loop fastener configuration, and the flat base platform limitations.

29. For the same reasons, and because the missing limitations are material, the accused products do not infringe under the doctrine of equivalents. Treating the accused products as equivalents would disregard express claim limitations.

## COUNT I

### (Declaratory Judgment of Non-Infringement of

### U.S. Patent No. 11,338,835)

30. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

31. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' products identified by ASINs B0DNQ7MZBF and B0CM3LCFKY infringe the '835 patent.

32. Plaintiffs' accused products do not infringe any valid claim of the '835 patent either literally or under the doctrine of equivalents.

33. Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not infringed, are not infringing, and will not infringe any valid claim of the '835 patent by making, using, selling, offering for sale, importing, listing, advertising, or distributing the accused products.

## COUNT II

**(Declaratory Judgment of Invalidity of**

**U.S. Patent No. 11,338,835)**

34.    Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

35.    An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '835 patent.

36.    The claims of the '835 patent are invalid for failure to satisfy one or more conditions for patentability, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.    Plaintiffs are entitled to a declaratory judgment that the claims of the '835 patent, including any claims Defendant contends are infringed, are invalid.

## COUNT III

**(Declaratory Judgment of Non-Infringement of**

**U.S. Patent No. 9,233,700)**

38.    Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

39.    An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' products identified by ASINs B0DP3Z24QJ and B0DP43G425 infringe the '700 patent.

40.    Plaintiffs' accused products do not infringe any valid claim of the '700 patent either literally or under the doctrine of equivalents.

41.    Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not infringed, are not infringing, and will not infringe any valid claim of the '700 patent by making, using, selling, offering for sale, importing, listing, advertising, or distributing the accused products.

COMPLAINT

## COUNT IV

### (Declaratory Judgment of Invalidity of

### U.S. Patent No. 9,233,700)

42. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

43. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '700 patent.

44. The claims of the '700 patent are invalid for failure to satisfy one or more conditions for patentability, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

45. Plaintiffs are entitled to a declaratory judgment that the claims of the '700 patent, including any claims Defendant contend are infringed, are invalid.

## COUNT V

### (Declaratory Judgment of Non-Infringement of

### U.S. Patent No. 11,912,326)

46. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

47. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' products identified by ASINs B0DP42QZGD, B0CB8V1JN3, and B0CCXYRFX8 infringe the '326 patent.

48. Plaintiffs' accused products do not infringe any valid claim of the '326 patent either literally or under the doctrine of equivalents.

49. Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not infringed, are not infringing, and will not infringe any valid claim of the '326 patent by making, using, selling, offering for sale, importing, listing, advertising, or distributing the accused products.

COMPLAINT

COUNT VI

**(Declaratory Judgment of Invalidity of**

**U.S. Patent No. 11,912,326)**

50. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

51. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '326 patent.

52. The claims of the '326 patent are invalid for failure to satisfy one or more conditions for patentability, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

53. U.S. Patent No. 11,912,326 is the subject of ex parte reexamination Control No. 90/015,470. In that proceeding, the USPTO granted a request for reexamination after determining that a substantial new question of patentability exists as to claims 1–19 of the '326 patent based on prior-art references.

54. Plaintiffs are entitled to a declaratory judgment that the claims of the '326 patent, including any claims Defendant contend are infringed, are invalid.

COUNT VII

**(Declaratory Judgment of Non-Infringement of**

**U.S. Patent No. 9,392,766)**

55. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

56. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning whether Plaintiffs' products identified by ASINs B0CFF9PXLJ, B0CLLQ17HQ, B0CLN4SCHM, and B0CFF9YTJY infringe the '766 patent.

57. Plaintiffs' accused products do not infringe any valid claim of the '766 patent either literally or under the doctrine of equivalents.

58. Plaintiffs are entitled to a declaratory judgment that Plaintiffs have

10
COMPLAINT

not infringed, are not infringing, and will not infringe any valid claim of the '766 patent by making, using, selling, offering for sale, importing, listing, advertising, or distributing the accused products.

## COUNT VIII

### (Declaratory Judgment of Invalidity of
### U.S. Patent No. 9,392,766)

59. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

60. An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '766 patent.

61. The claims of the '766 patent are invalid for failure to satisfy one or more conditions for patentability, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

62. Plaintiffs are entitled to a declaratory judgment that the claims of the '766 patent, including any claims Defendant contend are infringed, are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in Plaintiffs' favor and against Defendant as follows:

A. Declare that Plaintiffs' products identified herein do not infringe, and have not infringed, any valid claim of U.S. Patent No. 11,338,835;

B. Declare that the claims of U.S. Patent No. 11,338,835 are invalid;

C. Declare that Plaintiffs' products identified herein do not infringe, and have not infringed, any valid claim of U.S. Patent No. 9,233,700;

D. Declare that the claims of U.S. Patent No. 9,233,700 are invalid;

E. Declare that Plaintiffs' products identified herein do not infringe, and have not infringed, any valid claim of U.S. Patent No. 11,912,326;

F. Declare that the claims of U.S. Patent No. 11,912,326 are invalid;

G. Declare that Plaintiffs' products identified herein do not infringe, and

COMPLAINT

have not infringed, any valid claim of U.S. Patent No. 9,392,766;

H. Declare that the claims of U.S. Patent No. 9,392,766 are invalid;

I. Enjoin Defendant and all persons acting in concert with it from asserting the Amazon complaints identified herein against Plaintiffs' accused products based on the Asserted Patents;

J. Order Defendant withdraw or retract the Amazon complaints identified herein and to notify Amazon and any other relevant online marketplace that Defendant no longer seeks removal of the accused products based on the Asserted Patents;

K. Award Plaintiffs their costs and reasonable attorneys' fees, including under 35 U.S.C. § 285 to the extent this case is exceptional;

L. Award pre-judgment and post-judgment interest to the extent permitted by law; and

M. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 11, 2026                              CROSS-BORDER COUNSELOR, LLP

                                                          /s/ Alan Engle
                                          _____

                                          Alan E. Engle (SBN 224779)
                                          aengle@cbcounselor.com
                                          Ben Solter (SBN 269388)
                                          bsolter@cbcounselor.com
                                          Cross-Border Counselor, LLP
                                          1115 Seal Way
                                          Seal Beach, CA 90740
                                          Telephone: (310) 428-6985

                                          Attorneys for Plaintiffs
                                          Sanven Technology Ltd.
                                          and Shanghai Sishun Tech
                                          Ltd.